**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**CALVIN MAYNOR,**

    **Plaintiff,**

vs.                                              Case No. 4:13cv337-MW/CAS

**ANNE C. CONLEY,**

    **Defendant.**

_____/

**REPORT AND RECOMMENDATION**

    Plaintiff, a pro se state prisoner, has filed an amended complaint, doc. 14, on court forms as required. Prior to reviewing the merits of the amended complaint, some guidance to Plaintiff is warranted because he has claimed that he has not "had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service." Doc. 14 at 4. Very recently, on October 8, 2013, Plaintiff had case number 4:13cv336-MW/GRJ, dismissed in this Court for failure to prosecute and failure to comply with court orders. Docs. 12-14 of that case. Thus, that case was dismissed "prior to service" and should have been listed in response to Question D of the complaint form.

    Moreover, Plaintiff should have also listed case number 4:13cv336 in response to Question B of the complaint form because it concerns the same issues as raised in this case. *See* doc. 14 at 3. Plaintiff was challenging the fact that the State defended

Plaintiff's conviction when he filed a habeas petition, but in that case, Plaintiff named Florida Attorney General Pamela Bondi as the Defendant. *See* doc. 4, case 4:13cv336. Indeed, Plaintiff listed this current case in response to Question B in the amended complaint filed in case number 4:13cv336. *Id.*

Plaintiff is required to provide accurate information in his complaints and he is advised that the failure to do so may result in case dismissal. *See* Procup v. Strickland, 760 F.2d 1107, 1111 (11th Cir. 1985), *on rehearing,* 792 F.2d 1069 (11th Cir. 1986) (vacating the district court's injunction, but holding that the district court has authority to impose serious restrictions on Procup's bringing matters before the court without an attorney.); In re Tyler, 839 F.2d 1290, 1292 (8th Cir. 1988); Jones v. Warden of Stateville Correctional Center, 918 F. Supp. 1142, 1151 (N.D. Ill. 1995).

Plaintiff was required to submit an amended complaint and "clearly assert his claim against Defendant Anne A. Conley." Doc. 13. It appeared from Plaintiff's initial complaint that Defendant Conley was the Assistant Attorney General who filed the answer brief in a case then pending in the First District Court of Appeal. Doc. 1 at 10-20. It was unclear, however, what Plaintiff's claim was or even the basis for a claim and Plaintiff was permitted to submit an amended complaint. Doc. 13. Within the Order allowing Plaintiff to file an amended complaint, Plaintiff was "advised that he may not seek to collaterally challenge a state criminal conviction through a civil rights action, nor may Plaintiff seek to release from confinement pursuant to a civil rights claim." *Id.,* citing Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841, 36 L. Ed. 2d 439 (1973); Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994).

Plaintiff's amended complaint provides argument, but it does not provide facts. *See* doc. 14. Plaintiff does not state what Defendant Conley did that harmed him, nor does he allege when any actions took place. Plaintiff makes only a conclusory allegation that this case "is not about a criminal conviction, but about negligence and perjury." Doc. 14 at 5. Plaintiff contends that Defendant Conley committed perjury, but Plaintiff fails to state what statements were made that were false, where the statements were made, or when they were made. Plaintiff also omitted listing any constitutional right he claims was violated. *Id.* at 11. In his request for relief, however, Plaintiff wrote: "For negligence, I'm seeking one point five million dollars." *Id.*

Illuminating the underlying purpose for this case is Plaintiff's statement that Defendant Conley "has cause the Plaintiff to be false imprisonment, which her answer brief was not sworn nor under oath . . . [sic]." *Id.* at 7. A contention that Plaintiff has been falsely imprisoned is necessarily an attack on the basis for Plaintiff's confinement; such a claim is quintessentially a habeas corpus claim which must be brought through the filing of a petition under 28 U.S.C. § 2254. Although the only relief Plaintiff seeks is monetary damages, a claim for damages that is related to a conviction that has not yet been reversed or invalidated is not cognizable under 42 U.S.C. § 1983. <u>Heck</u>, 512 U.S. 477, 114 S. Ct. 2364, 2372. The Supreme Court held in <u>Heck</u> that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ

of habeas corpus, 28 U.S.C. § 2254." *Id.* at 486-87, 114 S. Ct. at 2372. Until Plaintiff has successfully challenged his conviction, his claim under § 1983 has not yet arisen.

To the degree Plaintiff insists this case presents a claim of negligence, that is insufficient as well. Doc. 14 at 5, 8. The Supreme Court has unequivocally held that a state official's negligent conduct, even though it causes injury, does not constitute an actionable deprivation under § 1983. <u>County of Sacramento v. Lewis</u>, 523 U.S. 833, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998); <u>Daniels v. Williams</u>, 474 U.S. 327, 331, 106 S. Ct. 662, 665, 88 L. Ed. 2d 662 (1986). Plaintiff's claim of negligence by Defendant Conley is insufficient on its face and the amended complaint fails to state a claim upon which relief may be granted.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 14, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on December 4, 2013.

    S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:13cv337-MW/CAS